IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MILTON PARKER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:15cv40-MHT |
| | ) | (WO) |
| THE ALABAMA SPACE SCIENCE | ) | |
| EXHIBIT COMMISSION d/b/a | ) | |
| U.S. Space And Rocket | ) | |
| Center, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

Plaintiff Milton Parker brought this lawsuit against his employer, defendant Alabama Space Science Exhibit Commission, claiming that the Commission demoted and constructively terminated him from his position on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967 ('ADEA'), specifically, 29 U.S.C. § 623(a), and then retaliated against him when he complained of this treatment, in violation of the ADEA, 29 U.S.C. § 623(d). Jurisdiction is proper under 29 U.S.C. § 626 (ADEA) and

28 U.S.C. § 1331 (federal question).

This matter is before the court on the Commission's motion to dismiss the case in its entirety or, in the alternative, to transfer venue to the Northern District of Alabama.  In its motion, the Commission argues that Parker's first amended complaint should be dismissed because, as a state agency, it is an arm of the State and is therefore protected by sovereign immunity.  For reasons that will be explained, the Commission's motion to transfer venue will be granted.  Because the case will be transferred, the court need not address the substance of the motion to dismiss.

28 U.S.C. § 1404 gives district courts authority to transfer any civil action to any district in which it could have been brought originally for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see McGlathery v. Corizon, Inc., 2012 WL 1080789, at *1 (M.D. Ala. 2012) (Thompson, J.). "Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue."

England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988).

In deciding whether a transfer is proper, courts "must engage in an individualized, case-by-case consideration of convenience and fairness." McGlathery, 2012 WL 1080789, at *1 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (internal quotation marks omitted). The court conducts this inquiry in two steps. First, it determines whether the case could "originally have been brought in the proposed transferee district court." Id. at *1. Next, it "must decide whether the balance of convenience favors transfer." Id. As to the second step, the Eleventh Circuit has outlined several relevant factors, including

> "(1) the convenience of the witnesses;
> (2) the location of relevant documents
> and the relative ease of access to
> sources of proof; (3) the convenience
> of the parties; (4) the locus of
> operative facts; (5) the availability
> of process to compel the attendance of
> unwilling witnesses; (6) the relative
> means of the parties; (7) a forum's
> familiarity with the governing law;

3

> (8) the weight accorded a plaintiff's
> choice of forum; and (9) trial
> efficiency and the interests of
> justice, based on the totality of the
> circumstances."

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Parker could have properly brought suit in the Northern District. Under 28 U.S.C. § 1391, "[a] civil action may be brought in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). The Commission, where Parker was employed and allegedly subjected to age discrimination and retaliation, is located in Huntsville, Alabama, which is within the Northern District's jurisdiction and geographic area.

The court must therefore turn to the balance of the Manuel factors to determine whether transfer is appropriate. Because the parties do not rely on--and have not provided evidence related to--the availability

of process to compel witnesses' attendance at trial, the means of the parties, or either forum's familiarity with applicable law, the court will consider only the remaining factors.

The Commission relies on the fact that located in the Northern District are the "locus of operative facts" and, it appears from the parties' filings, all witnesses who will testify to--and all documents related to--the substance of Parker's claims. The accessibility of sources of proof and the convenience of all witnesses testifying to the merits of the claims in this case therefore weigh heavily in favor of transfer.

Parker provides no basis for questioning this conclusion. Instead, he argues that, because witnesses and documents relevant to the Commission's argument for dismissal are located in Montgomery, Alabama, which is within in the Middle District, the Commission's motion to transfer venue should be denied. In other words, Parker contends that, because he must rely on witnesses

and documents in the State's capital, Montgomery, to prove that the Commission is not an arm of the State, and therefore to avoid dismissal, transfer is inappropriate.

This argument is unavailing. Parker offers no reason why the court should inconvenience the witnesses relevant to the merits of his claims in order to accommodate witnesses and discovery on a narrow, albeit potentially dispositive, jurisdictional issue. The court must "consider the content of the witnesses' testimony in determining whether [the convenience of the witnesses] weighs in favor of transfer." <u>Frederick v. Advanced Financial Solutions, Inc.</u>, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007) (Schell, J.). Because only a limited number of witnesses related to a threshold issue in the case would benefit from the case being heard in the Middle District, this factor militates in favor of transfer. (Indeed, it is debatable whether the jurisdictional issue will turn on witness testimony (as opposed to documentary evidence and statutes) at

all.)

Further, the interests of justice and the public interest weigh in favor of the case being heard in the Northern District, where the Commission is located and where the relevant events occurred. As the Supreme Court has held, "[t]here is a local interest in having localized controversies decided at home." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947); see also Piper Aircraft v. Reyno, 454 U.S. 235, 260 (1981). Finally, it appears that Parker himself resides in the Northern District. See Mem. Law. Supp. Plf.'s Resp. Mot. Dismiss or Transfer Venue (doc. no. 16), at 17 n.5 ("The only real convenience issue is whether the Plaintiff and the Defendants' witnesses who reside in the Northern District of Alabama should be required to drive to Montgomery for trial.") (internal quotation marks omitted). While the plaintiff's choice of forum is ordinarily accorded considerable deference, this deference is lessened--as is the defendant's burden of persuasion--when the plaintiff himself does not reside

in, and the subject matter of the lawsuit is not connected to, the district in which the suit was filed. See Patel v. Howard Johnson Franchise Systems, Inc., 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (DeMent, J.). Based on these facts, a transfer of venue is warranted.

***

Accordingly, it is the ORDER, JUDGMENT, AND DECREE of the court that the motion to transfer (doc. no. 19) filed by defendant Alabama Space Science Exhibit Commission is granted and this lawsuit is transferred in its entirety to the United States District Court for the Northern District of Alabama.

All other pending motions remain for resolution by the transferee court.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 14th day of December, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE